```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>**Paul Butcher**</u>

   **v.**                                                                     Case No. 11-cv-306-PB
                                                                           Opinion No. 2012 DNH 103

<u>**American Economy Insurance Co.**</u>


                             <u>**MEMORANDUM AND ORDER**</u>

     Paul Butcher was injured in an automobile accident while at work.  He received workers' compensation benefits and later sought uninsured motorist coverage under his employer's liability insurance policy.  The carrier, American Economy Insurance Company ("American"), refused to cover Butcher's claim to the extent that he had received compensation for the same losses under his employer's workers' compensation policy.  American based its decision on two coordination of benefit provisions.  The first appears in a section entitled "Exclusions."  It states that uninsured motorist coverage "does not apply to . . . [t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law."  Doc. No. 19-3 at 2.  The second, entitled "Limit of Insurance," states that American "will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any

workers' compensation, disability benefits or similar law." Id. at 3.

Butcher has filed a declaratory judgment against American, and American has filed a third-party complaint against Clarendon National Insurance Company ("Clarendon"), the insurer that provided Butcher with workers' compensation coverage. Butcher's principal argument is that the coordination of benefit provisions are unenforceable. The parties have joined the issue in cross motions for summary judgment. None of the material facts are in dispute.

## I. ANALYSIS

Butcher argues that the coordination of benefits provisions are unenforceable because they violate the state's uninsured motorist and worker's compensation statutes. His arguments turn on the New Hampshire Supreme Court's decision in Merchants Mutual Insurance Group v. Orthopedic Professional Association, which held that New Hampshire's uninsured motorist statute bars the enforcement of a policy provision that reduces the amount payable under an uninsured motorist policy by "[t]he amount paid and . . . [the] amounts payable . . . under any workmen's compensation law . . . ." 124 N.H. 648, 654 (1984). Because the court's holding in Merchants is controlling, I begin with an

analysis of the decision and then apply the decision to the facts of the present case.

The version of the uninsured motorist statute that was at issue in Merchants required automobile liability insurers to provide a specified minimum level of uninsured motorist coverage and gave insureds the right to obtain additional coverage up to the amount of liability coverage purchased.[1]  Id. at 655. Because the statute did not authorize insurers to reduce automobile coverage by the amount of benefits received from another source, the Supreme Court reasoned that the policy provision under review in Merchants was "an invalid restriction of the statutory scope of coverage."  Id.

The court bolstered its holding by finding "a compelling analogy" between its holding and the collateral source rule, which bars a tortfeasor from reducing a damages award by the amount of any payments received for the same injuries from another source.  Id. at 656.  Like the collateral source rule, the court reasoned, its holding that an uninsured motorist carrier could not adopt a policy provision reducing the uninsured motorist coverage purchased by the insured by the amount of benefits received from another source was necessary to prevent "a windfall for uninsured motorist carriers."  Id.

---

[1] In its current form, the statute provides that "the insured's uninsured motorist coverage shall automatically be equal to the liability coverage elected."  N.H. Rev. Stat. Ann. § 264:15, I.

3

After construing the uninsured motorist statute, the Merchants court went on to consider whether a workers' compensation carrier who provides benefits to an insured has a lien against amounts payable to the insured under an uninsured motorist policy. As then-codified, the workers' compensation statute authorized a lien in favor of the workers' compensation carrier to recover amounts received by the insured from "some person" who has "legal liability to pay damages." Id. at 657 (quoting N.H. Rev. Stat. Ann. § 281:14)). The court interpreted the phrase "legal liability to pay damages" as limiting liens to recoveries based on tort liability. Id. at 657-58. Accordingly, the court determined that the lien provision did not apply to payments received by an insured under an uninsured motorist policy. Id. at 658-59.

The New Hampshire legislature responded to the court's decision by amending the workers' compensation statute to permit a lien when "[t]he circumstances of the injury create in another person a legal liability to pay damages in respect thereto, *or a contractual obligation to pay benefits under the uninsured motorist provision of any motor vehicle insurance policy*." N.H. Rev. Stat. Ann. § 281-A:13, I (emphasis added). In removing the limitation that the Merchants court read into the statute, the legislature made it clear that a workers' compensation carrier is entitled to a lien against the proceeds of an uninsured

4

motorist policy.  Id.; see Rooney v. Fireman's Fund Ins. Co., 138 N.H. 637, 640 (1994) ("[B]ecause the legislature has now expressly provided for such a lien, Merchants [] cannot be relied upon as authority for denying a workers' compensation carrier the statutory right to assert a lien against an employee's uninsured motorist benefits." (internal citation omitted)).

**Application**

The coordination of benefit provisions at issue in this case differ from the provision under review in Merchants in that they merely relieve American from its obligation to cover losses payable under the workers' compensation statute, whereas the provision at issue in Merchants also reduced the amount of uninsured motorist coverage available to the insured by amounts payable as workers' compensation.  As I explain below, however, this distinction cannot justify a different result in the present case.

The statutory construction argument that the court found persuasive in invalidating the policy provision at issue in Merchants applies with equal force here.  The argument relied on the fact that the uninsured motorist statute did not expressly authorize an insurer to reduce coverage for benefits provided by another sources.  124 N.H. at 655.  Although the coordination of benefits provisions in American's policy do not work in

5

precisely the same way, they too purport to allow an uninsured motorist carrier to limit its coverage obligations in a way not authorized under the uninsured motorist statute.  Accordingly, it follows that the coordination of benefit provisions also violate the uninsured motorist statute.

The analogy that the Merchants court drew between the collateral source rule and its holding also supports Butcher's argument.  As I have noted, the collateral source rule is designed to prevent a tortfeasor from reaping a windfall when the insured is entitled to coverage for the same benefits from another source.  To the extent that the collateral source rule can be applied by analogy to uninsured motorist carriers, it requires the same result here that the court reached in Merchants.[2]

---

[2] In its effort to distinguish the reduction in the uninsured motorist coverage at issue in Merchants and the coordination of benefits provisions in its policy, American also cites the Louisiana Supreme Court's decision in Travelers Insurance Company v. Joseph, 656 So.2d 1000 (La. 1995).  In that case, the court upheld an exclusion in an uninsured motorist policy that prevented a workers' compensation carrier from recovering benefits paid to an insured injured by an uninsured driver.  Id. at 1004.  The court noted, however, that uninsured motorist carriers could not reduce the mandated amount of coverage by the amount of workers' compensation benefits. Id.  The Travelers decision lacks the power to persuade because the court failed to explain why the distinction between a reduction in the coverage amount and an exclusion from coverage warrants different results, other than to state in a summary way that public policy is contrary to the former but not the latter.  See id.  At any rate, the Louisiana court's decision is inapposite to the facts of this case because the New Hampshire Supreme Court and

The legislative response to the Merchants decision further demonstrates the invalidity of the coordination of benefits provisions. In amending the workers' compensation statute so as to reverse the court's holding in Merchants that the statute does not give a workers' compensation carrier a lien against the proceeds of an uninsured motorist policy, the legislature specified the way in which benefits must be coordinated between workers' compensation and uninsured motorist carriers. The statute now expressly grants the workers' compensation carriers a statutory lien against amounts payable under an uninsured motorist policy. The legislature thus made clear that a workers' compensation carrier's lien rights take precedence over the rights of an uninsured motorist carrier when an insured is entitled to a recovery under both policies. American's coordination of benefits provisions purport to limit the uninsured motorist carrier's liability at the expense of the workers' compensation carrier. If the exclusion is given effect, it would subvert a legislative scheme that decidedly favors the workers' compensation carrier.

American responds by arguing that the legislature intended to grant the workers' compensation carriers a lien against uninsured motorist benefits only when the uninsured motorist

---

legislature have in fact provided sufficient guideposts that the policy exclusion is invalid under New Hampshire law.

policy does not exclude coverage for losses recoverable under the workers' compensation statute.  To support its position, American points out that the statute authorizes a lien only when the uninsured motorist carrier has "a contractual obligation to pay benefits."  N.H. Rev. Stat. Ann. § 281-A:13.  American argues that it has no contractual obligation to pay benefits here because the policy expressly relieves it from an obligation to pay for any losses covered by a workers' compensation carrier.

American's reading of the workers' compensation statute would render the lien provision toothless.  Any uninsured motorist carrier with minimal business acumen would follow American's lead and exclude coverage of losses covered by the workers' compensation statute.  Contrary to American's argument, the legislature did not intend to permit uninsured motorist carriers to limit their liability in a manner that effectively deprives workers' compensation carriers of their entitlement to a lien.  Instead, the legislature's use of the phrase "contractual obligation to pay benefits" appears to be a direct response to the Merchants court's interpretation of the previous statutory lien provision.  The court held that the provision limits liens to recoveries based on tort liability, and that the uninsured motorist carrier's obligation to pay benefits arises out of contract, not tort.  Merchants, 124 N.H. at 657-58.  By

8

amending the statute to expressly authorize liens against benefits payable under an uninsured motorist policy, the legislature expanded the scope of the lien provision to cover a specific context where recovery is not based on tort liability. Accordingly, a workers' compensation carrier can assert a lien against uninsured motorist benefits for the same elements of damages. Coordination of benefits provisions that seek to prevent it from doing so are unenforceable.[3]

## II.   CONCLUSION

For the aforementioned reasons, I grant Butcher and Clarendon's joint motion for summary judgment (Doc. No. 20) and deny American's motion for summary judgment (Doc. No. 19). The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

June 7, 2012
cc:   Peter M. Solomon, Esq.
      Andrew D. Dunn, Esq.
      Merrick Charles Weinstein, Esq.

---

[3] American also argues that the Insurance Commissioner's approval of its policy in accordance with N.H. Rev. Stat. Ann. § 412:15 further demonstrates the validity of the policy exclusion. It cites no authority, however, for the proposition that the Commissioner's approval shields the policy from judicial scrutiny. Even if the Commissioner's approval is entitled to some deference, it is insufficient to overcome the fact that the exclusion in American's policy is in clear conflict with the New Hampshire Supreme Court's reasoning in Merchants and the lien provision of the workers' compensation statute.